IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SEAN ROSE, R54602, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-01027-SMY |
| | ) |
| DENISE LIGHT, | ) |
| MONICA SHEETS, | ) |
| CLARK, | ) |
| KHOREY J. ANDERTON, | ) |
| LT. McBRIDE, | ) |
| CHEEK, | ) |
| D. GALLOWAY, | ) |
| KAY LOWERY, | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| ANTHONY D. WILLS, | ) |
| ROB JEFFREYS, | ) |
| CLAYTON STEPHENSON, | ) |
| BRENDA DURAM, | ) |
| JOHN DOE 1, | ) |
| JOHN DOE 2, | ) |
| SHANE TASKEY, | ) |
| MILES, | ) |
| JOHN DOE 3, | ) |
| KENDRA SIEP, | ) |
| JOHN DOE 4, | ) |
| NANCY ASHCRAFT, | ) |
| JAMIE KIRKHAM, | ) |
| JOHN DOE 6, | ) |
| JANE DOE 1, | ) |
| RYAN NOTTINGHAM, | ) |
| and LATOYA HUGHS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Sean Rose, an inmate in the custody of the Illinois Department of Corrections (IDOC), filed this action pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations at

1

Menard Correctional Center, Big Muddy River Correctional Center, and Western Illinois Correctional Center. The First Amended Complaint is subject to preliminary review under 28 U.S.C. § 1915A.[1] (Doc. 17). Any portion that is frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). Before screening the claims under 28 U.S.C. § 1915A, the Court will first consider whether claims or parties are improperly joined and subject to severance. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

### First Amended Complaint

In the First Amended Complaint, Plaintiff names nearly 30 defendants in connection with claimed violations of his rights at three IDOC facilities: Menard Correctional Center (2018 – 2022), Big Muddy River Correctional Center (February 21, 2022 – March 11, 2022), and Western Illinois Correctional Center (March 11, 2022 – on). He seeks declaratory, monetary, and injunctive relief. (Doc. 17, pp. 30-31).

### Menard Correctional Center

Plaintiff alleges that he was "continuously" sexually assaulted by staff, punished with segregation, and targeted for retaliation at Menard. He names the following defendants in connection with his claims: Denise Light (C/O), Monica Sheets (C/O), Anthony Wills (Warden), Kendra Siep (Superintendent), John Doe 1 (PREA Coordinator), John Doe 4 (Assistant Warden), John Doe 3 (Internal Affairs), ISI[2] Clark (Investigator), and ISI Jane Doe 1 (Supervisor). (*Id*. at ¶¶ 32-47).

---

[1] Plaintiff filed the First Amended Complaint (Doc. 17) before the original Complaint (Doc. 1) was screened under § 1915A and confirmed that he intended to replace the original Complaint with the First Amended Complaint. (*See* Doc. 20). The First Amended Complaint supersedes and replaces the original Complaint and renders it **VOID**.
[2] "ISI" refers to Illinois State Investigator. (Doc. 17, ¶ 41).

### Big Muddy River Correctional Center

Plaintiff alleges that he was subjected to unconstitutional conditions of confinement, inadequate medical care, inadequate mental health treatment, coercive interrogation tactics, false disciplinary tickets, and retaliation at Big Muddy.  He identifies the following defendants in connection with his claims: Khorey J. Anderton (Internal Affairs), Lieutenant McBride (Officer), Kay Lowery (Mental Health Provider), D. Galloway (Assistant Warden), John Doe 2 (PREA[3] Coordinator), Shane Taskey, Miles (Adjustment Committee), ISI Cheek (Investigator), ISI Clark (Investigator), and ISI Jane Doe 1 (Supervisor).  (*Id*. at ¶¶ 48-119).

### Western Illinois Correctional Center

Plaintiff alleges he endured retaliation and unconstitutional conditions of confinement, including inadequate housing, medical care, and mental health treatment at Western. In addition to numerous nonparties, Plaintiff names the following defendants in connection with these claims: Nancy Ashcraft (Health Care Unit Administrator), Jamie Kirkham (Director of Nursing), John Doe 6 (PREA Coordinator), and Wexford Health Sources, Inc.  (*Id*. at ¶¶ 120-171).  Plaintiff also refers to several high-ranking officials involved in the investigation of his sexual assault case or grievances, including, but not limited to Rob Jeffreys (IDOC Director), Latoya Hughs (IDOC Acting Director), Ryan Nottingham (IDOC PREA Coordinator), Clayton Stephenson (Administrative Review Board), and Brenda Duram (Administrative Review Board).[4]

### Discussion

Rule 8 requires that a Complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), and include "enough facts to state a

---

[3] "PREA" refers to the Prison Rape Elimination Act.
[4] It is unclear when, where, or what role these individuals played in any violation of his federally protected rights.

claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A plaintiff must also associate each defendant with specific claims, so that each has notice of the claims brought against that defendant and can properly answer the complaint. *Id.* at 555.

Plaintiff's First Amended Complaint violates Rule 8(d)(1) because the pleading is neither short nor plain. It spans 248 paragraphs and 90 pages and covers 4 years and 3 prisons. Plaintiff attempts to assert innumerable claims against almost 30 defendants and as many nonparties under the First Amendment, Eighth Amendment, Fourteenth Amendment, Americans with Disabilities Act, and Illinois state law. He takes a scattershot approach to his pleadings, by including every conceivable grievance and complaint about prison life in a single document.

The Federal Rules of Civil Procedure also prohibit a plaintiff from improperly joining parties and claims in a single suit. *See* FED. R. CIV. P. 20. Unrelated claims against different defendants belong in separate lawsuits, "not only 'to prevent the sort or morass' produced by multi-claim, multi-defendants suits . . . but also to ensure that prisoners pay all fees required under the Prison Litigation Reform Act, *see* 28 U.S.C. § 1915(b), (g)." *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (quoting *George*, 507 F.3d at 607). Thus, Complaints such as Plaintiff's filed herein must be rejected, severed into separate lawsuits, or dismissed against improperly joined defendants. *Id*. Moreover, even if claims are eligible for joinder under Rule 20, a court may still separate the claims into distinct suits. *Dorsey v. Varga*, 55 F.4th 1094, 1103 (7th Cir. 2022). Rule 21 grants district courts broad discretion when deciding what course of action to take. *Owens*, 635 F.3d at 952 (citing FED. R. CIV. P. 21).

Plaintiff's First Amended Complaint can be separated into *at least* three separate suits, as follows:

| | |
|---|---|
| **Menard Case:** | Plaintiff's rights were violated at Menard Correctional Center from 2018-22 by Denise Light (C/O), Monica Sheets (C/O), Anthony |

|  |  |
|---|---|
|  | Wills (Warden), Kendra Siep (Superintendent), John Doe 1 (PREA Coordinator), John Doe 4 (Assistant Warden), John Doe 3 (Internal Affairs), ISI Clark (Investigator), and ISI Jane Doe 1 (Supervisor) (Doc. 17, at ¶¶ 32-47) ("Menard Case"). |
| **BMRCC Case:** | Plaintiff's rights were violated at Big Muddy River Correctional Center from February to March 2022 by Khorey J. Anderton (Internal Affairs), Lieutenant McBride (Officer), Kay Lowery (Mental Health Provider), D. Galloway (Assistant Warden), John Doe 2 (PREA Coordinator), Shane Taskey, Miles (Adjustment Committee), ISI Cheek (Investigator), ISI Clark (Investigator), and ISI Jane Doe 1 (Supervisor) (Doc. 17 at ¶¶ 48-119) ("BMRCC Case"). |
| **WICC Case:** | Plaintiff's rights have been violated at Western Illinois Correctional Center since March 2022 by Nancy Ashcraft (Health Care Unit Administrator), Jamie Kirkham (Director of Nursing), John Doe 6 (PREA Coordinator), and Wexford Health Sources, Inc. (Doc. 17 at ¶¶ 120-171) ("WICC Case"). |

These designations do not account for claims against nonparties or against high-ranking defendants who were not identified in connection with claims at any particular prison. Rather than deciding which defendants and claims belong in each action, the Court will leave this decision to Plaintiff. For these reasons, Plaintiff's First Amended Complaint (Doc. 17) will be dismissed without prejudice because it violates Rule 8 and *Twombly* and presents problems with misjoinder.

Plaintiff will be given another opportunity to amend the complaint and replead those claims that arose at Menard (*i.e.*, Menard Case) *in this case* by the deadline and consistent with the instructions below. Plaintiff will also receive two additional blank civil rights complaint forms for use in filing **separate** lawsuits to address claims that are unrelated to his Menard Case, such as the claims that arose at Big Muddy River Correctional Center (*i.e.*, BMRCC Case) and Western Illinois Correctional Center (*i.e.* WICC Case). If Plaintiff chooses to bring a separate BMRCC Case and/or WICC Case, he will be responsible for paying an additional filing fee for each case and will receive a "strike" in any action that is dismissed at screening as frivolous, malicious, or

5

for failure to state a claim under 28 U.S.C. § 1915(g).  **Plaintiff should also file any separate suit before the two-year statute of limitations applicable to his claims expires.**

### Disposition

Plaintiff's First Amended Complaint (Doc. 17) is **DISMISSED** without prejudice for violation of FED. R. CIV. P. 8 and *Twombly*.  Plaintiff is **GRANTED** leave to file a Second Amended Complaint to address his claims that arose at Menard Correctional Center ("Menard Case") herein on or before **December 20, 2023**.  The Second Amended Complaint is subject to review under 28 U.S.C. § 1915A.

Should Plaintiff file a Second Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District.  He should label the form "Second Amended Complaint" and list the case number (No. 23-cv-01027-SMY) on the first page.  Plaintiff should identify each defendant in the case caption and include enough allegations in the statement of claim to describe what each defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how. . . ."), and include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and actions.  Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, but he must describe each Doe Defendant and their involvement in the alleged unconstitutional conduct (*e.g.*, John Doe did X and Jane Doe did Y).

This case will address Plaintiff's claims that arose at Menard Correctional Center and those that are properly joined in this action.  The Court will exercise its discretion to sever or dismiss improperly joined claims and defendants.  FED. R. CIV. P. 21.  Severance of claims into one or more new lawsuits will result in an additional filing fee for each new suit and a "strike" for any

action dismissed because it is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915(g). Should Plaintiff fail to file his Second Amended Complaint *in this case* within the allotted time or consistent with the instructions set forth in this Order, the entire action will be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). The dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to mail Plaintiff three (3) blank civil rights complaint forms, along with this Order.

**IT IS SO ORDERED.**

**DATED:  November 22, 2023**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**