IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SEAN ROSE, R54602, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-01027-SMY |
| | ) |
| DENISE LIGHT, | ) |
| MONICA SHEETS, | ) |
| ANTHONY WILLS, | ) |
| KENDRA SIEP, | ) |
| ISI CLARK, | ) |
| JOHN DOE 1, | ) |
| JOHN DOE 3, | ) |
| JOHN DOE 4, | ) |
| ISI JANE DOE, | ) |
| LATOYA HUGHES, | ) |
| RYAN NOTTINGHAM, | ) |
| and ROB JEFFREYS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Sean Rose is an inmate in the Illinois Department of Corrections (IDOC) and currently incarcerated at Western Illinois Correctional Center. He filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations while he was housed at Menard Correctional Center. Rose's Second Amended Complaint is now before the Court for screening under 28 U.S.C. § 1915A, which requires dismissal of any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. 28 U.S.C. § 1915A(a)-(b).

### Second Amended Complaint

Plaintiff makes the following allegations (Doc. 27, pp. 39-42): While housed in Menard's

Medium Security Unit (MSU), Plaintiff was "continuously" sexually harassed, abused, and assaulted for four years. Officer Denise Light forced him to perform oral sex, vaginal sex, and other violent acts from 2018 until February 19, 2022. *Id*. at 40. Officer Sheets also forced him to perform vaginal and oral sex from February 2021 until February 19, 2022. *Id*. Plaintiff's compliance was gained through threats, gifts, and privileges. *Id*. at 39.

At the time, Menard had a policy of sending staff members under investigation for sexual misconduct or harassment to work in the MSU. Once there, Menard's supervisors and staff simply turned a blind eye to ongoing misconduct or covered for it. Warden Wills, Superintendent Siep, and Assistant Warden John Doe 4 maintained or enforced these policies, resulting in a sexually hostile environment for Plaintiff. *Id*. at 40. These officials were aware that Officers Light and Sheets posed a threat to Plaintiff's safety because both officers were the subject of prior investigations for sexual misconduct involving inmates before coming into contact with him. Even so, the administrators took no steps to protect him from harm.

Superintendent Siep learned that Plaintiff was the victim of sexual abuse in January 2022. An outside investigation was initiated soon thereafter. Plaintiff was placed in segregation and given a black and white jumpsuit[1] to wear on February 19, 2022. His cell was searched, and prison officials discovered evidence of staff misconduct that included sexually explicit photos and letters from Officer Sheets.

ISI Clark informed Plaintiff that the search of his cell yielded physical evidence of his sexual abuse and victimization. *Id*. at 41. When ISI Clark and ISI Supervisor Jane Doe began asking questions that Plaintiff believed could cause him or his mother harm, Plaintiff stopped talking. These defendants also inflicted physical and mental torture during his interview. *Id*.

---

[1] According to Plaintiff, this jumpsuit was issued to inmates labeled as "staff assaulters." *Id*.

Plaintiff filed a complaint and grievances against Officers Light and Sheets pursuant to the Prison Rape Elimination Act of 2003 (PREA). Warden Wills, Internal Affairs Officer John Doe 3, and Facility PREA Compliance Manager John Doe 1 all misled or lied to investigators, resulting in the initial denial of his complaint and grievances. These officials failed to protect Plaintiff in the process.

Ryan Nottingham (Agency PREA Coordinator) and Latoya Hughes (IDOC Director) developed and enforced policies that encouraged noncompliance with PREA, IDOC regulations, and Administrative Directives 04.01.301, while also failing to monitor for retaliation against the plaintiff. *Id*. at 42. As a result, Plaintiff received a retaliatory disciplinary ticket in connection with his sexual abuse victimization by staff. *Id*. at 43. The ticket revealed details about his ongoing abuse and was accessible for review by staff. Plaintiff subsequently became the victim of "perpetual retaliation[ ] and harassment" by staff. *Id*. All defendants conspired to deprive him of his constitutional rights. *Id*.

Plaintiff names the following defendants in connection with his claims: Denise Light (C/O), Monica Sheets (C/O), Anthony Wills (Warden), Kendra Siep (Superintendent), John Doe 1 (PREA Facility Compliance Manager), John Doe 4 (Assistant Warden), John Doe 3 (Internal Affairs), ISI[2] Clark (Investigator), ISI Jane Doe 1 (Investigator), Ryan Nottingham (Agency PREA Coordinator), Latoya Hughes (IDOC Director), and Rob Jeffreys (IDOC Director).

## Discussion

Based on Plaintiff's allegations, the Court designates the following claims against the below-listed defendants in the Second Amended Complaint:

---

[2] "ISI" refers to Illinois State Investigator. (Doc. 27, p. 2).

| | | |
|---|---|---|
| Count 1: | | Eighth Amendment claim against Officer Light for sexually assaulting, abusing, and harassing Plaintiff in the MSU from 2018 until February 19, 2022. |
| Count 2: | | Eighth Amendment claim against Officer Sheets for sexually assaulting, abusing, and harassing Plaintiff in the MSU from February 2021 until February 19, 2022. |
| Count 3: | | Eighth Amendment claim against Warden Wills, Superintendent Siep, and Assistant Warden John Doe 4 for failing to protect Plaintiff from a serious risk of bodily harm by Officers Light and Sheets, when they created or enforced policies that transferred staff members with a history of sexual misconduct to the MSU and then turned a blind eye to ongoing misconduct or covered it up. |
| Count 4: | | Eighth Amendment claim against ISI Clark and ISI Supervisor Jane Doe for using interview tactics that physically and mentally tortured Plaintiff on or around February 19, 2022. |
| Count 5: | | Eighth Amendment claim against Warden Wills, Internal Affairs Officer John Doe 3, and Facility PREA Compliance Manager John Doe 1 for failing to cooperate with the investigation into Plaintiff's abuse, providing dishonest answers, or misleading investigators. |
| Count 6: | | PREA claim against Officers Light and Sheets for the sexual assault, abuse, and harassment of Plaintiff in the MSU from 2018-22. |
| Count 7: | | Constitutional claim against Ryan Nottingham and Latoya Hughes for developing and enforcing policies that encouraged noncompliance with PREA, IDOC regulations, and Administrative Directives 04.01.301, while also failing to monitor for retaliation against the plaintiff. |
| Count 8: | | First and/or Fourteenth Amendment claim for retaliatory disciplinary ticket issued against Plaintiff in connection with his sexual abuse. |
| Count 9: | | Claim against the defendants for conspiring to retaliate against Plaintiff by perpetually harassing him. |

**Any other claim that is mentioned in the Second Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

### Counts 1 and 2

Prison officials violate the Eighth Amendment when they use force maliciously or sadistically to cause harm, rather than in a good faith effort to maintain or restore discipline. *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Officials also violate the Eighth Amendment when they fail to protect inmates from violence at the hands of other inmates or officers. *Farmer v. Brennan*, 511 U.S. 825, 831-33 (1994). To state a viable claim, a plaintiff must plead facts suggesting a prison official intentionally harmed him or acted with deliberate indifference toward the risk of serious harm to him. *Farmer*, 511 U.S. at 837; *Sinn v. Lemmon*, 911 F.2d 412, 419 (7th Cir. 2018). Additionally, a plaintiff must allege that each defendant was personally involved in the constitutional deprivation. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014).

In the Second Amended Complaint, Plaintiff alleges that Officer Light regularly forced him to engage in sexual intercourse and other violent acts between 2018 and February 19, 2022, and that Officer Sheets did the same from February 2021 until February 19, 2022. Both defendants allegedly sexually assaulted, abused, and harassed the plaintiff regularly during the relevant time periods. These allegations articulate an Eighth Amendment claim against Officer Light in Count 1 and Officer Sheets in Count 2.

### Count 3

Plaintiff alleges that Warden Wills, Superintendent Siep, and Assistant Warden John Doe 4 created or enforced policies that caused the violations of his Eighth Amendment rights. Because § 1983 liability is direct, not vicarious, the doctrine of *respondeat superior* does not apply to this claim. *Wojcik v. Cook Cnty.,* 803 F. App'x 25, 27 (7th Cir. 2020). Supervisors or administrators are responsible for their own acts and not "for failing to ensure that subordinates carry out their

tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). As such, to state a claim in this context, a plaintiff must sufficiently allege that the supervisor was personally involved in the constitutional violation, which is demonstrated where the supervisor "kn[e]w about the conduct and facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye for fear of what [he] might see." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Here Plaintiff alleges that Defendants Wills, Siep, and Doe 4 created and/or enforced a policy allowing staff members with a history of sexual misconduct, including Officers Light and Sheets, to work in the MSU and then actively covered up or turned a blind eye to their ongoing misconduct. A prison official can be personally liable for a policy he or she implements or enforces, if the policy causes a constitutional injury. *Daniel v. Cook Cnty.*, 833 F.3d 728, 737 (7th Cir. 2016). Thus, Count 3 may proceed against Defendants Wills, Siep, and Doe 4.

### Identification of John Doe 4

Count 3 survives screening against Assistant Warden John Doe 4. This defendant must be identified with particularity before service of the lawsuit can be made on him. Plaintiff will therefore have an opportunity to engage in limited discovery to ascertain the identity of this defendant. *Rodriguez*, 577 F.3d at 832. The Warden of Menard Correctional Center will be added as a defendant, in his or her official capacity only, and will be responsible for responding to discovery aimed at identifying the unknown defendant. Once the name of this defendant is discovered, Plaintiff must file a motion to substitute the newly-identified defendant in place of the generic designations in the caption and Complaint.

### Counts 4, 5, 7, 8, and 9

In connection with Counts 4, 5, 7, 8, and 9, Plaintiff relies on vague and conclusory allegations to support each claim. Rule 8 requires "more than an unadorned, the defendant-

unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8). Recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

With respect to these claims, the Second Amended Complaint does not include sufficient factual material to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570. Accordingly, Counts 4, 5, 7, 8, and 9 will be dismissed without prejudice for failure to state a claim against the defendants named in connection with each claim.

### Count 6

The Prison Rape Elimination Act (PREA) does not support a private cause of action. *Truly v. Moore*, No. 16-cv-00783-NJR, 2017 WL 661507 (S.D. Ill. 2017) (collecting cases and dismissing PREA claim brought under circumstances similar to those described in Plaintiff's Complaint). Accordingly, Count 6 will be dismissed without prejudice for failure to state a claim against the defendants under § 1983.

### Disposition

Plaintiff's Second Amended Complaint (Doc. 27) survives preliminary review under 28 U.S.C. § 1915A, as follows:

- **COUNT 1** will receive further review against **DENISE LIGHT**, in an individual capacity only.

- **COUNT 2** will receive further review against **MONICA SHEETS**, in an individual capacity only.

- **COUNT 3** will receive further review against **ANTHONY WILLS, KENDRA SIEP,** and **ASSISTANT WARDEN JOHN DOE 4 (once identified)** in their individual and/or official capacities.

- **COUNTS 4, 5, 6, 7,** and **8** are **DISMISSED** without prejudice for failure to state a claim for relief against any defendants.

- Defendants **ISI CLARK, ISI JANE DOE, JOHN DOE 1, JOHN DOE 3, LATOYA HUGHES, RYAN NOTTINGHAM,** and **ROB JEFFREYS** are **DISMISSED** without prejudice from this action.

The **WARDEN OF MENARD CORRECTIONAL CENTER (official capacity)** is **ADDED** as a defendant for purposes of identifying Assistant Warden John Doe 4 by name.

For Counts 1, 2, and 3, the Clerk shall prepare for Defendants **DENISE LIGHT, MONICA SHEETS, ANTHONY WILLS, KENDRA SIEP,** and **ASSISTANT WARDEN JOHN DOE 4 (once identified):** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint (Doc. 27), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply. 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**The Clerk's Office is DIRECTED to ADD the MENARD CORRECTIONAL CENTER'S WARDEN (official capacity) as a defendant and TERMINATE Defendants ISI CLARK, ISI JANE DOE, JOHN DOE 1, JOHN DOE 3, LATOYA HUGHES, RYAN NOTTINGHAM, and ROB JEFFREYS as parties in CM/ECF and ENTER the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

**IT IS SO ORDERED.**

**DATED:** May 2, 2024                    *s/ Staci M. Yandle*
                                          **STACI M. YANDLE**
                                          **United States District Judge**

**Notice to Plaintiff**

Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Second Amended Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Second Amended Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.