IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SEAN ROSE, #R54602, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-01027-SMY |
| | ) |
| DENISE LIGHT, MONICA SHEETS, | ) |
| ANTHONY D. WILLS, KENDRA SIEP, | ) |
| and FRANK LAWRENCE, | ) |
| | ) |
| Defendants. | ) |

# NOTICE AND ORDER

The Court screened Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. § 1915A on May 24, 2024 ("Screening Order"),[1] and all defendants have answered, except Monica Sheets. Pursuant to the Screening Order, Sheets was sent a request for Waiver of Service of Summons on May 3, 2024, and Sheets executed and returned the Waiver (Doc. 36). Her responsive pleading was due on July 2, 2024. Sheets failed to move, answer, or otherwise plead, and the Court *sua sponte* extended the deadline to October 14, 2024. The Court warned Sheets that default judgment may be entered against her for failure to answer by the extended deadline. She also missed the extended deadline.

Plaintiff Rose moved for entry of default (Doc. 58) and default judgment (Doc. 59) against Sheets on November 25, 2024.

---

[1] The Screening Order directed all defendants to "timely file an appropriate responsive pleading to the Second Amended Complaint" and states that Defendants "shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g)." (Doc. 30, p. 8). Because the Court specifically ordered Defendants to respond to the Second Amended Complaint, they cannot rely on the Prison Litigation Reform Act to avoid the entry of default. 42 U.S.C. § 1997e(g)(2). *See* e.g., *Vinning v. Walls*, 2009 WL 839052, *1 n.2 (S.D. Ill. Mar. 31, 2009) (default against defendant was proper because the Court exercised its authority under 42 U.S.C. § 1997e(g)(2) by directing the defendant to file a reply to plaintiff's complaint, and the defendant "disregarded that direct [o]rder").

The Clerk of Court must enter default against a defendant who has failed to plead or otherwise defend. FED. R. CIV. P. 55(a). The Court thus grants Plaintiff's motion for entry of default (Doc. 58), but denies without prejudice the motion for default judgment (Doc. 59) as insufficient under Rule 55(b) and for lack of any request for damages and **ORDERS** as follows:

(1)  The Clerk of Court is **DIRECTED** to **ENTER DEFAULT** against Defendant Sheets in accordance with Federal Rule of Civil Procedure 55(a).

(2)  Plaintiff may refile his motion for default judgment against Defendant Monica Sheets in accordance with Federal Rule of Civil Procedure 55(b) and include a request for damages on or before **December 26, 2024**.

(3)  The Clerk of Court is **DIRECTED** to transmit a copy of this Order and the entry of default to Plaintiff and to each individual Defendant.

**DATED: December 4, 2024**

s/ *Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**