## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SEAN ROSE, R54602, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 23-cv-01027-SMY |
| | ) | |
| DENISE LIGHT, | ) | |
| MONICA SHEETS, | ) | |
| ANTHONY D. WILLS, | ) | |
| KENDRA SIEP, and | ) | |
| FRANK LAWRENCE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, Chief District Judge:**

This matter is before the Court on Plaintiff Sean Rose's Motion for Leave to File Fifth Amended Complaint (Doc. 106). Plaintiff seeks leave to amend the operative Complaint to identify defendants by name, clarify claims, and conform his pleadings to the applicable legal standards. *Id*. Defendants oppose the motion. (Doc. 110). For the following reasons, Plaintiff's request for leave to file the Fifth Amended Complaint is **GRANTED**.

### Background

Plaintiff is an inmate in the Illinois Department of Corrections and brings this action under 42 U.S.C. § 1983 for constitutional deprivations stemming from his alleged sexual abuse and assault by two female officers at Menard Correctional Center. The following claims survived screening of the Second Amended Complaint under 28 U.S.C. § 1915A:

Count 1: Eighth Amendment claim against Denise Light for sexually assaulting, abusing, and harassing Plaintiff in Menard's MSU from 2018 to February 19, 2022.

Count 2: Eighth Amendment claim against Monica Sheets for sexually assaulting,

1

abusing, and harassing Plaintiff in the MSU from February 2021 until February 19, 2022.

Count 3:  Eighth Amendment claim against Anthony Wills, Kendra Siep, and Frank Lawrence for failing to protect Plaintiff from a serious risk of bodily harm by Officers Light and Sheets, when they created or enforced policies that transferred staff members with a history of sexual misconduct to Menard's MSU and then turned a blind eye or covered up ongoing misconduct.

(Docs. 27, 30, and 49).

The Court dismissed five other claims and seven defendants without prejudice.  (Doc. 30). All defendants except Monica Sheets answered, and the Court entered an Initial Scheduling Order on December 4, 2024, setting a deadline for filing a motion for leave to amend on or before January 16, 2025.  (Doc. 63).  Following several attempts to file an amended complaint,[1] (*see* Docs. 66 and 68), Plaintiff was assigned counsel who filed the pending Motion for Leave to File Fifth Amended Complaint on his behalf. (Doc. 106).

**<u>Motion for Leave to Amend</u>**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court grants leave to amend when justice so requires.  Here, Plaintiff seeks leave to file a Fifth Amended Complaint that clarifies his claims, more precisely states facts, conforms the pleadings to the applicable legal standards, and conforms his complaint to discovery and other pleadings filed to date.  Defendants oppose the motion on grounds of undue delay in seeking leave to amend and prejudice arising from the time it takes to prepare and file new answers and an amended summary judgment motion.  (Doc. 110). The Court finds these arguments unpersuasive.

Plaintiff caused no undue delay.  He filed two amended complaints before the deadline set

---

[1] The Second Amended Complaint (Doc. 27) survived screening on May 2, 2024 and now serves as the operative complaint. *See* Doc. 30. Plaintiff filed and withdrew a proposed Third Amended Complaint (Docs. 66, 66-1) and then filed a proposed Fourth Amended Complaint (Docs. 68, 68-1) before the Court terminated his Motion for Leave to Amend and assigned him counsel. (Doc. 95).

forth in the Initial Scheduling Order (Doc. 63).  While his second motion for leave to amend was pending, Defendants requested and received two extensions of time to move for summary judgment on the issue of exhaustion and ultimately filed their motion for summary judgment on March 28, 2025 (Doc. 80).  Plaintiff requested counsel on April 7, 2025 (Doc. 85), and the Court granted the request, assigned counsel, and terminated the pending motion to amend.  (Doc. 95).  Plaintiff's attorney timely appeared on July 16, 2025 (Doc. 103) and promptly moved to amend August 14, 2025 (Doc. 106).

Moreover, Defendants will suffer no prejudice from an amendment.  The Court contemplated an amendment when preparing the Initial Scheduling Order and also contemplated that an amendment would necessitate additional time for Defendants to file answers and prepare motions for summary judgment on the issue of exhaustion, if raised as an affirmative defense in their answers to the amended complaint.  Thus, Plaintiff's Motion for Leave to File Fifth Amended Complaint (Doc. 106) is **GRANTED**.  Defendants will be allowed ample time to answer and amend their summary judgment motion.

<u>**Section 1915A Review**</u>

The Fifth Amended Complaint (Doc. 106-1) is subject to review under 28 U.S.C. § 1915A, which requires the Court to screen the Complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim, or requests money damages from an immune defendant. 28 U.S.C. § 1915A(a)-(b).

Plaintiff makes the following allegations in the Fifth Amended Complaint: While housed in Menard Correctional Center's Medium Security Unit (MSU), Plaintiff was sexually assaulted, abused, and harassed by two female officers, named Denise Light and Monica Sheets.  *Id*. at ¶ 3. The assaults were not isolated incidents.  *Id*. at ¶ 4.  They occurred repeatedly over time as to both

officers. *Id*.

Officer Light forced Plaintiff to engage in unwanted oral and vaginal sexual intercourse and other sexual touching from June 2019 until February 19, 2022. *Id*. at ¶¶ 20-21. As an officer, Light had the ability to influence Plaintiff's cell placement, job assignments, and privileges. *Id*. at ¶ 22. She used this power over Plaintiff to coerce him into performing sexual acts with her, while making him aware that she was also having sexual contact with other inmates. *Id.* at ¶¶ 22, 24. In addition, she coerced him to commit violent acts against other inmates on her behalf. *Id*. at ¶ 23.

Officer Monica Sheets also sexually assaulted, abused, and harassed Plaintiff from February 2021 until February 19, 2022. *Id*. at ¶¶ 25, 27. Plaintiff learned this officer was transferred to Menard's MSU from the General Division while she was under investigation for improper sexual contact with inmates. *Id*. at ¶ 26. Like Officer Light, Sheets had the ability to influence Plaintiff's cell placement, job assignments, and privileges. *Id*. at ¶ 29. Sheets coerced Plaintiff into performing oral and vaginal sex. *Id*. at ¶ 28. Sheets also provided Plaintiff tangible gifts, engaged in verbal contact with his mother, and fostered a relationship with her to control Plaintiff. *Id*. at ¶ 31. Plaintiff's sexual contact with both defendants was nonconsensual. *Id*. at ¶ 32.

The assaults were facilitated by Menard's policy that allows corrections officers under investigation for sexual misconduct committed in Menard's General Division to transfer to the MSU and continue working (Transfer Policy). *Id*. at ¶¶ 5, 33. The Transfer Policy did not restrict officers under investigation from interacting with inmates. *Id*. at ¶ 34. The policy included no steps to protect inmates in Menard's MSU from sexual advances by corrections officers who were under investigation. *Id*. at ¶ 35. There were no surveillance cameras to deter officers from having sexual contact with inmates in the MSU. *Id*. at ¶ 36.

At all times, Warden Anthony Wills, Assistant Warden Frank Lawrence, and Superintendent Kendra Siep were aware that Officers Light and Sheets were under investigation for sexual misconduct with inmates in the General Division and that they were both transferred to the MSU pending the investigation. *Id*. at ¶ 37. They were also aware of the Transfer Policy and knew that it did not restrict officers under investigation for sexual misconduct from having contact with inmates in the MSU and that the MSU had no surveillance cameras to deter corrections officers from engaging in sexual contact with inmates. *Id*. at ¶¶ 38-39. Wills, Lawrence, and Siep nevertheless enforced the Transfer Policy without taking steps to protect MSU inmates and turned a blind eye to the resulting sexual abuse. *Id*. at ¶¶ 40-41.

Superintendent Siep admitted having actual knowledge of the investigation into allegations of sexual misconduct against Officers Light and Sheets no later than January 2020. *Id*. at ¶ 42. Despite her knowledge of the investigation and the serious risk both officers posed to inmates in the MSU, Siep continued to enforce the Transfer Policy without taking steps to protect Plaintiff from sexual abuse by Officers Light and Sheets. *Id*. at ¶ 43.

On February 19, 2022, a tip was called in from an outside facility, and an investigation commenced. *Id*. at ¶ 44. The investigation substantiated allegations that a violation of the Prison Rape Elimination Act (PREA) occurred involving Plaintiff. *Id*. Following commencement of the investigation, Plaintiff transferred out of Menard. *Id*. at ¶ 45.

## **Discussion**

Based on Plaintiff's allegations, the Court designates the following claims in the Fifth Amended Complaint:

Count 1:      Eighth Amendment claim against Officer Light for nonconsensual sexual assault, abuse, and harassment of Plaintiff in the MSU from June 2019 until February 19, 2022.

Count 2:        Eighth Amendment claim against Officer Sheets for nonconsensual sexual assault, abuse, and harassment of Plaintiff in the MSU from February 2021 until February 19, 2022.

Count 3:        Eighth Amendment claim against Warden Wills for failing to protect Plaintiff from a serious risk of bodily harm posed by Officers Light and Sheets when he enforced the Transfer Policy in the MSU and then turned a blind eye to ongoing misconduct by Officers Lights and Sheets while they were both under investigation for sexual misconduct involving inmates in the General Division.

Count 4:        Eighth Amendment claim against MSU Superintendent Siep for failing to protect Plaintiff from a serious risk of bodily harm posed by Officers Light and Sheets when she enforced the Transfer Policy in the MSU and then turned a blind eye to ongoing sexual misconduct by Officers Lights and Sheets when she knew both officers were both under investigation for sexual misconduct involving inmates in the General Division.

Count 5:        Eighth Amendment claim against Assistant Warden Frank Lawrence for failing to protect Plaintiff from a serious risk of bodily harm posed by Officers Light and Sheets when he enforced the Transfer Policy in the MSU and then turned a blind eye to ongoing misconduct by Officers Lights and Sheets while they were both under investigation for sexual misconduct involving inmates in the General Division.

(Doc. 106-1).  Any other claim mentioned in the Fifth Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face").

The Court previously noted the applicable legal standard for these Eighth Amendment claims.  (*See* Doc. 30).  All five claims survive screening under the Eighth Amendment standard (Doc. 30, pp. 5-6).  Counts 1, 2, 3, 4, and 5 will receive further review against the defendants listed in connection with each claim above.

## Disposition

Plaintiff's Motion for Leave to File Fifth Amended Complaint (Doc. 106) is **GRANTED**.

Plaintiff is **ORDERED** to file the Fifth Amended Complaint (Doc. 106-1) in CM/ECF *instanter*.

6

**ALL DEFENDANTS,** except Monica Sheets, have filed waivers of service, entered an appearance, and answered a prior complaint in this matter; Defendants **LIGHT, WILLS, SIEP,** and **LAWRENCE** are **ORDERED** to timely file an appropriate responsive pleading to the Fifth Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Defendant **MONICA SHEETS** signed a waiver of service but did not appear or answer a prior complaint. The Court now **DIRECTS** the Clerk of Court to tender a copy of the Fifth Amended Complaint (Doc. 106-1), this Order, the original Order for Service of Process (Doc. 30), and a summons for Defendant Monica Sheets to the United States Marshals Service for service of process consistent with Federal Rule of Civil Procedure 4(c)(3). The Motion for Default Judgment for Defendant Sheets (Doc. 108) is **DISMISSED** without prejudice to re-filing, if necessary.

Because the Fifth Amended Complaint supersedes and replaces all prior versions, the pending Motion for Summary Judgment on the Issue of Exhaustion by Defendants Frank Lawrence, Denise Light, Kendra Siep, and Anthony D. Wills (Doc. 80), Plaintiff's Responses (Docs. 91, 112), and Defendants' Replies (Docs. 92, 93) are **DISMISSED** without prejudice to re-filing with reference to the Fifth Amended Complaint. The related Motion for Extension of Time to Respond/Reply (Doc. 107) and Motion to Strike Response (Doc. 116) are **DISMISSED** as **MOOT**. The Court will enter a new deadline for this dispositive motion by separate order, after all defendants answer.

Finally, the Motions to Intervene filed by Justin Dalcollo (Docs. 111 and 120) are **DENIED**, and Defendants' Motion for Leave to File Response (Doc. 117) is **TERMINATED**. Rule 24 provides for intervention as a matter of right and for permissive intervention. *See* FED. R. CIV. P. 24(a)(1)-(2). The proposed intervenor does not indicate whether he is seeking intervention as a matter of right under Rule 24(a) or permissive intervention under Rule 24(b). He does not

address the requirements for intervention of either kind.  He fails to identify common questions or law or fact, and he has already filed three prior actions in this District that were dismissed: Case Nos. 24-cv-01265-SMY; 23-00828-SPM; and 24-00358-SPM.  The Court finds that he has not satisfied the requirements for either one.  Further, the motion was filed more than 2 years after the action commenced and is untimely.

**IT IS SO ORDERED.**

**DATED:    March 25, 2026**                          *s/ Staci M. Yandle*
                                                      **STACI M. YANDLE**
                                                      **Chief U.S. District Judge**